UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 16-24588-CIV-GAYLES/TURNOFF

RENE MESA,

    Plaintiff,

vs.

PENNSYLVANIA HIGHER
EDUCATION ASSISTANCE, et al.,

    Defendants.
_____/

## **ORDER**

**THIS CAUSE** came before the Court *sua sponte*. Plaintiff Rene Mesa, appearing *pro se*, filed a Complaint on November 2, 2016, against Pennsylvania Higher Education Assistance, Fedloans Servicing, James Preston, Melissa Hanum, Matthew Sessa, Brett Employee Number 612773, American Education Services, Continental Service Group, Inc., Conserve-Arm, Mark E. Davitt, Richard Klein, and Pamela D. Baird (collectively, "Defendants") [ECF No. 1]. Plaintiff filed a motion to proceed *in forma pauperis* [ECF No. 4], and the screening provisions of 28 U.S.C. § 1915(e) are applicable. Pursuant to that statute, the court must dismiss the case if it determines that "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Upon initial screening, the Court finds that it must dismiss this action as malicious.

1

Plaintiff filed eleven lawsuits, including this one, against the same Defendants using the same Complaint on the same day. *See, e.g., Mesa v. Pennsylvania Higher Education*, 16-CV-24581-RNS; *Mesa v. Pennsylvania Higher Education*, 16-CV-24583-JLK; *Mesa v. Pennsylvania Higher Education,* 16-CV-24584-MGC. This case is not the lowest number of the 11 lawsuits. Judge Altonaga and Judge Williams have already dismissed the cases pending before them as duplicative and, therefore, malicious. *See Mesa v. Pennsylvania Higher Education*, 16-CV-24589-CMA [ECF No. 5]; *Mesa v. Pennsylvania Higher Education*, 16-CV-24582-KMW [ECF No. 5].[1]

"As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank*, *N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (citations omitted). An action is duplicative if it arises "from the same serious of events and alleg[es] many of the same facts as an earlier suit." *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). Duplicative actions are subject to dismissal under §1915(e)(i) as malicious. *See Bailey,* 846 F.2d at 1021 (dismissing duplicative action because "'[r]epetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915(d) as malicious.'") (alteration in original; quoting *Robinson v.* Woodfork, 834 F.2d 1023 (5th Cir. 1987) (unpublished order)); *Smith v.* Ferrell, 09-CV-00466-CG-B, 2010 WL 653798, at *2-3 (S.D. Ala. Feb. 18, 2010) (dismissing action because claims were duplicative of those in another pending action).

---

1   In making this ruling, the Court adopts and incorporates Judge Altonaga and Judge Williams' well-reasoned orders of dismissal.

2

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Plaintiff's Complaint [ECF No. 1] is DISMISSED. All pending motions are DENIED as moot.  This case is CLOSED.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 9th day of November, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE